M'NEELY
vs.
M'NEELY.

*A dation en pai-
ement does not
require a com-
pliance with the
formalities re-
quired in case
of a donation.*

M'NEELY vs. M'NEELY.

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. This action was commenced, to recover the possession of a negro girl, about eleven years old, whom it is alleged the defendant wrongfully retains from the plaintiff.

The defence set up is, a donation made by the plaintiff to the wife of the defendant, and possession for upwards of five years.

The parol evidence given on the trial, was received without opposition or exception. We are therefore at liberty to examine what effect the contract proved should have between the parties.

Elizabeth Holme proves, that the plaintiff, (who is mother to the defendant's wife,) told the witness, that the negro child was not worth the raising, and that she had given it to her daughter, on condition she would rear it; that the latter took the child, and did so.

George Hays swears, that he has known the slave who is the subject of this suit, to be in the defendant's possession, since the year 1812.

Thomas Patterson declares, that he has

known the negro girl named Mint; that he has frequently heard the plaintiff say, that she belonged to the defendant's wife. And on the marriage of the latter, the former delivered to her this slave.

Elizabeth Miller deposes, that the plaintiff informed her, that she had given the girl Mint, when an infant, to her daughter, for the trouble of raising it, its mother being compelled to leave it every day to work on the other side of the river.

On the part of the plaintiff, it was proved, that the slave claimed was born in her possession.

The contract under which the defendant claims the property, is not a pure and simple donation, but one in remuneration of services rendered. It amounts to nothing more than a *dation en paiement*, and did not require the forms prescribed by law for donations purely such. This subject was fully gone into in the case of *M'Guire* vs. *Amelung and others*, 12 *Martin*, 649; and we refer to the authorities quoted, and the reasoning used in that cause, as the ground of our decision in this. We think judgment ought to be for the defendant.

It is, therefore, ordered, adjudged and de-

West'n District creed, that the judgment of the district court
Sept. 1823. be annulled, avoided, and reversed; and that

M'NEELY there be judgment for the defendant, with costs
vs.
M'NEELY. in both courts.

Mills for the plaintiff, Rost for the defend-
ant.